Kelley J. Sharkey
Attorney-at-Law
26 Court Street, Suite 2805
Brooklyn, NY 11232
718-858-8843
kelleysharkeyesq@verizon.net

January 3, 2008

Glen McGorty
Todd Blanche
Assistant United States Attorneys
Southern District of New York
One Saint Andrew's Plaza
New York, New York 10007

**RE:   United States v. Angel Morales et al. ,  07 Cr. 897 (AKH)**

Dear Mr. McGorty and Mr. Blanche:

     I represent Alejandro Orozco in the above captioned prosecution. Thank you for the discovery previously provided. In addition to the discovery of October 20, 2007, the defense seeks the following information.

## RULE 16 DISCOVERY

**Statements of Alejandro Orozco**

1. All written or recorded statements made by the defendant, at any time and in any context, regardless of the government's intentions with respect to their use at trial. *See* Rule 16(a)(1)(B), Fed. R. Crim. Proc.

2. The defense is in possession of limited documents provided by the government on October 20, 2007. In addition to those documents, the defense seeks disclosure of the audio recordings of the intercepted telephone conversations referenced in the complaint, all records, reports, memoranda, notes, or other writings which contain the substance of any oral statement made by Mr. Orozco to government or law enforcement authorities, regardless of the government's intentions with respect to the statement's use at trial. *See* Rule 16(a)(1)(B), Fed. R. Crim. Proc. This request includes internal reports and memoranda prepared by law enforcement agents to the extent that statements of Mr. Orozco are related or described. Where Mr. Orozco's statement is contained in more than one writing, please provide each such writing.

3. If applicable the substance of all oral statements made by  Mr. Orozco to government or law

enforcement authorities which have not been disclosed pursuant to Requests 1) and 2) above and which the government may use at trial. *See* Rule 16(a)(1)(A), Fed. R. Crim. Proc. This request includes not only statements which the government intends to introduce at trial, but also statements which the government may "use" for impeachment or other purposes.

4. If pertinent, the substance of all statements and expressive conduct of Mr. Orozco in response to all Miranda warnings given to him, as well as all statements or questions concerning Fifth or Sixth Amendment rights. *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

5. All recorded testimony of Mr. Orozco or of any person authorized to legally bind him or to make admissions on his behalf before any grand jury.

**Co-conspirators**

6. Please supply the names and addresses of all alleged co-conspirators known to the government but not charged in the indictment. *United States v. Ramirez*, 602 F.Supp. 783, 793 (S.D.N.Y. 1985); *United States v. Chovanec*, 467 F.Supp. 41, 46 (S.D.N.Y. 1979); *United States v. DeGroote*, 122, F.R.D. 131, 137 (W.D.N.Y. 1988).

7. Please provide any written, recorded, or oral statement of co-conspirators, whether or not indicted, made to a public servant engaged in law enforcement activity or to a person then acting under his or her direction or in cooperation with him, which the government intends to offer at trial.

**Documents and Tangible Objects**

8. The defense has received limited disclosure in the form of 2 page lab report, a 7 page DEA report and a CD containing photographs relating to the arrests and documents seized from each defendant. In addition to the discovery already received, please provide copies of all books, papers, documents, and photographs which are material to the preparation of the defense or are intended for use at trial or which were obtained from or belong to the Mr. Orozco. This request includes, but is not limited to:

    - all photographs,
    - video tapes and footage,
    - surveillance video and audio recordings,
    - kel recordings,
    - police transmission recordings,
    - SPRINT reports,
    - any other audio tapes,
    - property vouchers.

- shipping documents seized from the tractor trailer, the Bronx apartment of Angel Morales or any other location relevant to this prosecution,
- documents relating to the tractor trailers ownership and registration,
- phone records derived from the cell phones seized at the time of the defendants arrests and any other phone record pertinent to the prosecution of this matter.

9. Also, please provide a description of all tangible objects, buildings or places which are material to the preparation of the defense or which are intended for use at trial or which were obtained from or belong to Mr. Orozco. Rule 16(a)(1)(E), Fed. R. Crim. Proc. We request access to the original objects at an appropriate time.

10. If pertinent, please provide a description of any identification procedure employed in this case, including lineups, show-ups, photo arrays, or the display of Mr. Orozco's person, photograph or image to any witness.

11. If any identification procedure has been employed, please provide copies of all photographs and photo arrays as well as all documents or recordings which describe or memorialize the identification procedure(s).

12. If any witness has identified Mr. Orozco as a result of any identification procedure, please identify the witness and indicate the date the identification occurred and the degree of certainty expressed by the witness. In addition, please provide in detail any description provided by the witness at any time prior to the identification procedure. *See Neil v. Biggers*, 409 U.S. 188, 199 (1972).

13. If any witness has *failed* to identify Mr. Orozco after any identification procedure, please identify the witness and indicate the date and circumstances of the identification procedure. *See Brady v. Maryland*, 373 U.S. 83 (1963); *Kyles v. Whitley*, 115 S.Ct. 1555 (1995).

14. In addition to the documents provided on October 20, 2007, if additional documents pertaining to search warrants, warrant affidavits, warrant return forms, consent forms, and/or warrant inventories were prepared in connection with this case please provide copies to defense counsel.

15. Please provide copies of all documents that were obtained as a result of searches or seizures, whether with or without a warrant.

**Reports of Examinations and Tests**

16. Please provide copies of all reports and results of all physical or mental examinations and all scientific experiments or tests which are performed in connection with this case or which are material to the preparation of the defense or intended for use at trial. Rule 16(a)(1)(F), Fed. R. Crim. Proc.

**Expert Testimony**

17. Please disclose any evidence which the government may present at trial under Rules 702, 703, or 705 of the Federal Rules of Evidence by providing a written report prepared and signed by an expert witness that includes a complete statement of all opinions to be expressed and the basis and reasons therefore, the data or other information relied upon in forming such opinions, and the qualifications of the witness. Rule 16(a)(1)(G) Fed. R. Crim. Proc.

**Mr. Orozco' Criminal Record**

18. The defense has not received a copy of Mr. Orozco's criminal record pursuant to Rule 16(a)(1)(D), Fed. R. Crim. Proc. It is my understanding that this is Mr. Orozco's first arrest, if the prosecution has contrary information the defense requests immediate disclosure.

**Other Crimes, Wrongs, or Acts**

19. Please describe in detail any evidence of uncharged conduct of Mr. Orozco which the government intends to introduce at trial. *See* Rule 404(b), Fed. R. Evid. In addition, please include any allegations of misconduct which the government may seek to use for impeachment or other purposes at trial.

## BILL OF PARTICULARS

Alejandro Orozco has been charged with conspiring to violate the narcotics law of the United States in that he and his codefendants distributed and possessed with intent to distribute 5 kilograms and more of cocaine during August of 2007. I have reviewed the available material disclosed by the government. The information requested below is necessary in order to defend Alejandro Orozco against the crimes charged.

1. The date Alejandro Orozco allegedly joined the conspiracy, and the date he last participated in the conspiracy. *See United States v. Ramirez*, 54 F. Supp. 2d 25, 30 (D.D.C. 1999); *United States v. Strawberry*, 892 F. Supp. 519, 527 (S.D.N.Y. 1995); *United States v. Taylor*, 707 F. Supp. 696, 700 (S.D.N.Y. 1989); *United States v. Aranci*, 28 F.R.D. 12, 14 (D. Conn. 1961).

2. The date(s) and location(s) of any meetings or conversations at which the government will contend that Alejandro Orozco joined the conspiracy. *See Taylor,* 707 F. Supp. 696, 700.

3. The date each of the other defendants allegedly joined and last participated in the conspiracy. *See Ramirez*, 54 F. Supp.2d 25, 30; *Strawberry*, 892 F. Supp. 519, 527; *Taylor*, 707 F. Supp. 696, 700.

4. The date, location and nature of each overt act committed by Alejandro Orozco in furtherance of the conspiracy, and the identities of all co-defendants with whom he committed each such act. *See Ramirez*, 54 F. Supp.2d 25, 30.

5. The date, location and nature of each overt act committed by each of the other defendants in furtherance of the conspiracy, and the identities of all co-defendants with whom they acted as to each. *See Ramirez*, 54 F. Supp.2d 25, 30; *see also United States v. Hubbard*, 474 F. Supp. 64, 81 (D.D.C. 1979) (requiring government to identify overt acts committed by unindicted co-conspirators).

6. The names of all persons the government claims were co-conspirators. *See United States v. Nachamie*, 91 F. Supp.2d 565, 573 (S.D.N.Y. 2000); *Ramirez*, 54 F. Supp. 2d 25, 30; *Strawberry*, 892 F. Supp. 519, 527; *United States v. Alloco*, 801 F. Supp. 1000, 103 (E.D.N.Y. 1992), aff'd 29 F.3d 620 (2nd Cir. 1994); *Taylor*, 707 F. Supp. 696, 700. Please also provide the names of the individual defendants and all unindicted co-conspirators with whom Alejandro Orozco is alleged to have conspired directly. *See Aranci*, 28 F.R.D. 12, at 14-15.

Thank you for your consideration of the above requests.

Sincerely,

Kelley J. Sharkey
26 Court Street, Suite 2805
Brooklyn, New York 11242